U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 2 5 2018

TONY R. MOORE, CLERK
BY: _____MB_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACT. NO. 17-0003-04 |
| -vs- | JUDGE DRELL |
| JOSHUA EDWARDS | MAG. JUDGE PATRICK HANNA |

## ORDER

Before the court is a motion in limine (Doc. 158) filed by defendant, Joshua Edwards seeking to exclude certain evidence at the criminal jury trial scheduled in this case for Monday, July 30, 2018. Specifically, Edwards argues that an affidavit offered as authentication for electronic recordings of wireless telecommunications the government intends to present as evidence at trial violates his right to confrontation under the Constitution of the United States of America. U.S. Const. amend. VI. The government's response opposes defendant's motion, comparing the affidavit at issue in this case with that used to authenticate business records, arguing that such affidavits are not "testimonial" in nature and, therefore, do not violate the Confrontation Clause. (Doc. 159).

Fed. R. Evid. 902(11), (13) and (14) pertain directly to the issue before the court. Rule 902 provides that certain items of evidence are self-authenticating and require no extrinsic evidence of authenticity to be admitted by the court. Taken together, we find that the rule supports the authentication of the digital telecommunications evidence at issue in this matter. Subsection (11) requires that the proponent provide notice to the adverse party of its intent to offer the record that meets the requirements of Rule 803(6)(A)-(C), regarding hearsay exceptions, and provide the adverse party with the record and certification for inspection, so that the adverse party may have a

1

fair opportunity to challenge them. Subsection (13) deems admissible "a record generated by an electronic process or system that produces an accurate result" as certified by a qualified person. Finally, Subsection (14) provides for the admissibility of data "copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12)…[and]must meet the notice requirements of Rule 902(11)."

The record reflects that the government filed its "Notice of Intent to Introduce Certified Records Generated by an Electronic Process or System" on January 11, 2018, satisfying Rule 902's notice requirement. (Doc. 120). Defendant Edwards' motion objects not to a lack of notice, but to the admissibility of the authenticating affidavit of Jamaal King as a violation of Edwards' constitutional right to confrontation at trial. Simply put, defendant's position is unsupportable. In United States v. Morgan, the Fifth Circuit Court of Appeals considered the precise issue, surveying the stance of various circuits and concluded that Crawford v. Washington, 541 U.S. 36 (2004), in which the U.S. Supreme Court held that the use of testimonial evidence triggers the right of the accused under the Confrontation Clause in criminal prosecutions, did not extend to documents used to authenticate business record evidence.[1] In United States v. Daniels, the appellate court considered a challenge to the admissibility of attestation documents introduced in conjunction with wireless telecommunications evidence procured via a wiretap.[2] The Daniels court's analysis of the attestations at issue in that case affirms the common treatment of wireless telecommunications evidence as business records in cases such as the instant matter. We note that Daniels is also instructive in that the appellate court affirmed the district court's admission of evidence and attestations over defendant's objections based on its finding that defendant did not avail itself of

---

[1] 505 F.3d 332 (5th Cir. 2007).
[2] 723 F.3d 562 (2013).

the opportunity presented (in that case, a much smaller window of opportunity than afforded here) to challenge the evidence on the merits.[3]

Based on these findings, defendant's motion in limine is hereby **DENIED**. (Doc. 158).

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 25 day of July, 2018.

                                                        **DEE D. DRELL, JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[3] Id. at 579-80.